UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26- 61409-CV-DIMITROULEAS

RAYMOND CESPEDES HIDALGO,

Petitioner,

v.

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.

Respondents.
_______________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Raymond Cespedes Hidalgo ("Petitioner")'s Petition for Writ Habeas Corpus, filed May 12, 2026. [DE 1] (the "Petition"). The Court has carefully considered the Petition, Respondents (the "Government" or "DHS")'s May 15, 2026 Response [DE 5], Petitioner's May 26, 2026 Reply [DE 7], and the arguments at the May 29, 2026 hearing, and is otherwise fully advised in the premises.

## I. BACKGROUND

Petitioner Raymond Cespedes Hidalgo ("Petitioner"), is a 29 year old and a native and citizen of Cuba who has resided in the United States for over four years. On April 9, 2022, Border Patrol encountered Petitioner in the El Paso, Texas Border Patrol Sector. A Border Patrol Agent determined Petitioner had unlawfully entered the United States from Mexico, arrested Petitioner, processed him for removal proceedings under 8 U.S.C. § 1229a, and then released him on his own recognizance. Although Border Patrol issued Petitioner a Notice to Appear ("NTA") on April 12, 2022, this NTA was never filed with the Executive Office for Immigration Review to initiate removal proceedings.

Petitioner was officially placed into removal proceedings for the first time three years later, in June of 2025, when Immigration and Customs Enforcement ("ICE") issued Petitioner a NTA charging him with inadmissibility in violation of 8 U.S.C. § 1182 (a)(6)(A)(i). The NTA was filed with the Miami Immigration Court on June 3, 2025, thereby initiating removal proceedings pursuant to 8 U.S.C. § 1229a. On October 1, 2025, DHS moved to dismiss the case. The Immigration Judge granted that motion and dismissed the action. *See* [DE 5-7]. ICE then immediately detained Petitioner to pursue "expedited" removal proceedings. *See* [DE 5-1]; [DE 5-8]; [DE 5-9].

Because Petitioner expressed fear of harm or persecution should he be returned to Cuba, on October 31, 2025, Petitioner was referred to U.S. Citizenship and Immigration Services ("USCIS") for a Credible Fear Interview. On November 4, 2025, USCIS found that Petitioner had failed to establish a credible fear of return to his home country. [DE 5-10]. Petitioner sought review of USCIS' decision with an Immigration Judge, and on December 22, 2025, the Immigration Judge vacated DHS's credible fear determination and found that Petitioner *had* established a "significant possibility of eligibility" for asylum or withholding of removal. [DE 5-10], [DE 5-12].

Because the Immigration Judge vacated DHS's credible fear determination, ICE issued Petitioner a *new* NTA on January 22, 2026 under Section 240 of the INA, charging him with inadmissibility in violation of 8 U.S.C. § 1182 (a)(6)(A)(i). The new NTA charged Petitioner as an "alien present in the United States who has not been admitted or paroled." [DE 5-13]. The Notice was filed with the Immigration Court at Broward Transitional Center to initiate removal proceedings. *See* [DE 5-13]. That Notice does not check the boxes stating that Petitioner is subject to removal pursuant to section 235 (b)(1) [§ 1225(b)(1)]. [DE 5-13].

Petitioner states that on March 23, 2026, Petitioner's immigration counsel filed a Bond Redetermination Request. Petitioner further states that a bond hearing was scheduled on March 27, 2026, and bond was denied as the Immigration Judge found he lacked jurisdiction to conduct a bond hearing. The record does not contain evidence of this bond hearing or determination.

Petitioner remains in ICE custody at Broward Transitional Center in Pompano Beach, Florida pending the resolution of his removal proceedings. Petitioner challenges his mandatory detention without bond as unconstitutional pursuant to the Fifth Amendment's Due Process Clause. He asserts, *inter alia*, he is being improperly and mandatorily held pursuant to 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226, and seeks an individualized bond hearing.

## II. DISCUSSION

The Government makes two arguments in opposition to the Petition. First, that the Court lacks jurisdiction to consider the Petition. Second, and in the alternative, that Petitioner is subject to mandatory detention pursuant to his order of expedited removal. As discussed below, neither is persuasive. Accordingly, the Court will grant the Petition in part and require Petitioner to be afforded an individualized bond hearing.

### *i. Whether the Court has Jurisdiction*

The Government argues the Court lacks jurisdiction to review DHS's decision to place Petitioner in expedited removal proceedings pursuant to 8 U.S.C. § 1252(a)(2)(A)(i). That is incorrect. The cited jurisdiction-stripping provisions only limit the Court's review over "the respondents' discretionary decision to commence expedited removal proceedings or prevent them from executing the expedited removal order[,]" but does not "divest [the Court] of jurisdiction to consider the legal basis of [Petitioner's] detention under principles of habeas corpus." *Hernandez Giron v. Noem*, No. 2:25-CV-01201-SPC-NPM, 2026 WL 60351, at *2 (M.D. Fla. Jan. 8, 2026);

*accord Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

Specifically, section 1252(a)(2)(A)(i) and (iii) state in pertinent part: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision. . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)" or "the application of [§ 1225(b)(1)] to individual aliens, including the [credible-fear] determination made under section 1225(b)(1)(B)," except as provided in section 1252(e). 8 U.S.C. § 1252(a)(2)(A)(i), (iii). Furthermore, the INA carves out an exception to this jurisdiction-stripping section for habeas actions for determinations of "[1] whether the petitioner is an alien, [2] whether the petitioner was ordered removed under the expedited removal statute, and [3] whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee [ ], or has been granted asylum." *Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (quoting 8 U.S.C § 1252(e)(2)).

In this case, Petitioner seeks determination over whether Petitioner is improperly detained and does not seek review of any order of removal itself. Respondents' cited cases discuss the latter situation, not the former. *See Torrez v. Swacina*, No. 20-20650-CIV, 2020 WL 13551822, at *3 (S.D. Fla. Apr. 17, 2020) (holding that the Court "lacke[ed] jurisdiction to hear any challenge to the *order* of expedited removal.")(emphasis added); *Montelier Chaviano v. Bondi et al.*, Case No. 25-CV-22451-MD (same). *Del Cid v. Barr*, 394 F.Supp.3d (S.D. Fla. 2019) (finding jurisdiction-stripping provisions foreclose review of expedited removal order). Though Respondents ask the

Court to expand the scope of this jurisdiction-stripping provisions—contending Petitioner's detention "arises from" and "relates to" the operation and implementation of his removal—Respondents cite no case that has interpreted the statutes this way. Accordingly, the Court declines take this novel position; this Court may exercise jurisdiction over this Petition.

*ii. Whether Petitioner is Subject to Mandatory Detention*

Next the Government contends that because Petitioner is in "expedited" removal proceedings, Petitioner is not eligible for a bond hearing and is properly detained under the authority provided in 8 U.S.C. § 1225(b)(1) – not 8 U.S.C. § 1226(a). Petitioner argues that he is no longer in expedited removal because DHS has initiated new proceedings under 8 U.S.C. § 1229a following the Immigration Judge's reversal of DHS's credible fear findings. Petitioner is correct.

Section 1225(b)(1) sets out the procedures for expedited removal. Noncitizens subject to expedited removal may be removed "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). It appears that expedited removal proceedings under Section 1225(b)(1) require mandatory detention. *See Ceballo v. Parra*, No. 25-CV-25271-JB, 2025 WL 3481908, at *3 (S.D. Fla. Dec. 4, 2025).

But section 1225(b)(1) is only applicable to noncitizens "who *do not* seek asylum or withholding of removal." *Fagan v. United States*, No. 21-13524, 2023 WL 2663239, at *3 (11th Cir. Mar. 28, 2023) (citing 8 U.S.C. § 1225(b)(1)(A)(i) and *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1964–65 (2020)) (emphasis added). A noncitizen who establishes a possibility of asylum or withholding of removal cannot be subject to expedited removal. *Id.* And where expedited removal proceedings are terminated because of a finding of credible fear, or for any other reason, and a new charging document is issued, the noncitizen is subject to the detention scheme outlined in the new charging document. *See Ceballo v. Parra*, No. 25-CV-25271-JB, 2025

WL 3481908, at *3 (S.D. Fla. Dec. 4, 2025) (holding that, where petitioner was originally in expedited removal proceedings, released, and then re-detained, his most recent detention was based upon section 1226, pursuant to DHS's charging document).

In this case, Petitioner is no longer in expedited removal proceedings. His expedited removal proceedings were terminated when the Immigration Judge reversed the DHS's no credible fear determination, and ICE ERO issued new charging documents under 1229a. *See* Notice to Appear, [DE 5-13]. This NTA expressly does not check the box stating that Petitioner is being detained pursuant to 1225, but as an "alien present in the United States who has not been admitted or paroled." *Id.* Although Respondents stated during the hearing that this was a clerical error, there's no evidence in the record to support that assertion..

As Parties are aware, the Eleventh Circuit Court of Appeals in *Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.,* Case Nos. 25-14065; 25-14075 (May 6, 2026) recently ruled that non-citizens detained in the interior of the country are detained pursuant to § 1226(a) and not §1225(b)(2)(A). Petitioner has lived in the United States for more than four years and was arrested while appearing at a scheduled immigration court hearing in Miami. His original detention at the border does not bear on this determination because DHS paroled Petitioner into the country at their own discretion, and the most recent detention, at issue before this Court, occurred while Petitioner was already here for some time. Accordingly, pursuant to *Hernandez Alvarez*, Petitioner is entitled to a bond hearing under section 1226(a).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition [DE 1] is **GRANTED IN PART** as follows:

1. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days, by June 5, 2026, and file a notice in the record

upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.

2. A hearing in this matter is hereby set for 1:00 P.M. on **Tuesday June 9, 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held.
3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
4. The Court **RETAINS JURISDICTION** to enforce this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record